IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-14-0423 |
| RAFAEL CHIKVASHVILI, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Rafael Chikvashvili's Motion for New Trial (ECF No. 172) and Motion for Judgment of Acquittal (ECF No. 173). The motions have been opposed by the Government (ECF No. 175), and no reply was filed. No hearing is required. Local Rule 105.6 (D. Md. 2014). The motions will be denied.

Taking the latter motion first, the Court must consider whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. White*, 810 F.3d 212, 228 (4th Cir. 2016). "It is the jury's function to weigh the credibility of witnesses and to resolve conflicts in the evidence." *United States v. Cheatham*, 601 F. App'x 194, 198 (4th Cir. 2015) (unpublished) (citing *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012)).

The Government assembled a mountain of evidence against Chikvashvili, whose attorneys did not deny that a fraud scheme existed at Alpha Diagnostics, the company that Chikvashvili formed and of which he was the chief executive officer. Every witness who had been employed with Alpha Diagnostics testified that Chikvashvili was intimately involved in

every aspect of the company's daily operations; some characterized him as a "micromanager." The jury evidently did not accept either his attorneys' effort to shift blame for the long-running scheme to certain testifying witnesses or the defense theory that he was not personally involved in the fraud scheme perpetrated at Alpha Diagnostics. As to the two "resulting in death" counts, ample evidence was introduced to permit the jury to find that the health care fraud orchestrated and carried on by Chikvashvili was the but-for cause of M.V.K.'s and D.MC.'s deaths. The Motion for Judgment of Acquittal (ECF No. 173) IS DENIED.

The Court now considers Chikvashvili's new trial motion. Chikvashvili contends this Court committed legal error by not bifurcating the trial so that all counts other than the resulting-in-death counts would be tried first; only if the jury convicted him in the first phase would he then be tried on the two resulting-in-death counts, under Chikvashvili's preferred trial scheme. He also claims the Court erred when it denied his motion *in limine* to exclude testimony from family members of the two deceased patients, M.V.K. and D.MC. (Def.'s Mot. New Tr. Supp. Mem. 1, ECF No. 172-1.)

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While a district court is possessed of discretion to order a new trial, "respect for the role of the jury demands that a court exercise this discretion 'sparingly.'" *United States v. Souder*, 436 F. App'x 280, 289 (4th Cir. 2011) (unpublished) (citing *United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006)).

Bifurcation of particular counts for sequential trial is a form of discretionary relief broadly permitted by Federal Rule of Criminal Procedure 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants'

trials, or provide any other relief that justice requires."). To warrant relief under Rule 14(a), Chikvashvili had "the burden of demonstrating a strong showing of prejudice, and it is not enough to simply show that joinder makes for a more difficult defense. The fact that a separate trial might offer a better chance of acquittal is not a sufficient ground for severance." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (citations omitted).

When the Court ruled before trial on Chikvashvili's motion to bifurcate, it concluded the Government could present its expert evidence bearing upon the cause of death of the two patients in Counts 2 and 3 and further stated,

> the Court now rules that this particular evidence shall be presented in the Government's case in chief, which covers all counts. Unfair prejudice would potentially attach if after the jury heard proof of related deaths the Court subsequently determined that such proof was insufficient to allow Counts 2 and/or 3 to go to the jury for verdict. Such a scenario is, of course, speculative at this juncture, and bifurcation is not warranted with the case in its current posture.

(Order 7, July 14, 2015, ECF No. 72.)

Although Chikvashvili does not discuss the post-trial standard of review of the denial of a motion *in limine*, the Court considers his argument on that point to be implicitly premised upon an asserted violation of Federal Rule of Evidence 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). It is questionable whether Chikvashvili is entitled to anything other than plain-error review. His pretrial motion *in limine* was denied in the following ruling:

> Upon review of the proffer set out in the Government's response, the Court concludes that the challenged testimony is likely admissible, that there is no basis for excluding it under Rule 403 (or any other rule) at this time, and that the motion *in limine* is likely groundless.

3

> Accordingly, the DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY (ECF No. 120) is DENIED WITHOUT PREJUDICE. The Government is free to call the witnesses identified in the Motion and the Response and to attempt to elicit the testimony proffered. To the extent that the Defendant continues to seek to exclude this evidence, he may attempt to do so via motion/objection during the course of the trial. On the current record, there is no basis for granting such a motion or sustaining such an objection, but the Court will not further prejudge the issue before the trial actually commences.

(Order 1, Jan. 28, 2016, ECF No.128.)

At trial, no motion or objection was made to exclude or otherwise limit the family members' testimony. (*See* T. Excerpt, Feb. 8, 2016, Def.'s Mot. New Tr. Ex. 2.) Consequently, the Court concludes that Chikvashvili is bound by his trial strategy not to renew his motion or to interpose objection, and that his chosen strategy on this point may not serve as the basis for a new trial. Regardless, the Court committed no error pertaining to the admission of this testimony, which provided appropriate factual context for determining the chain of events between the fraudulent diagnostic "read" of the two X-rays and the subsequent deaths of M.V.K. and D.MC.

Chikvashvili claims the Court's denial of his request for bifurcation and his motion *in limine*

> forced the defense to make a choice between the lesser of two evils: (1) contest the government's evidence that the alleged health care fraud scheme resulted in the deaths of M.V.K. and D.MC. and thereby play into the government's hands by keeping the focus on the strict liability element of Counts Two and Three that had nothing to do with Mr. Chikvashvili's knowledge and intent; or (2) elect not to contest the resulting-in-death element, virtually ensuring that the government's proof regarding that element would be accepted by the jury.

(Def.'s Mot. New Tr. Supp. Mem. 1.)

Although far from certain, perhaps Chikvashvili's defense would have been more difficult if he had contested *both* his knowing and intentional involvement in the fraud scheme *and* whether the two instances of fraud alleged in Counts 2 and 3 resulted in the deaths of

M.V.K. and D.MC., but as the Fourth Circuit has noted, a more difficult defense is not, in itself, ground for granting severance of counts for separate trial (*i.e.*, in this case, bifurcation). It was Chikvashvili's right to contest everything that the indictment alleged and every bit of evidence the Government presented, but he chose not to contest evidence of an element alleged in Counts 2 and 3. The Court did not force Chikvashvili's choice of trial strategy, but the Court does not necessarily fault it as an unreasonable choice. Whatever difficulty Chikvashvili claims he had in choosing his strategy stems directly from the damning evidence lawfully admitted against him. Moreover, nothing stopped Chikvashvili from arguing in the alternative—a common tactic when trying to persuade a factfinder. The Government's brief provides an example of that tactic, *i.e.*, defendants who deny involvement in a drug distribution scheme but simultaneously challenge the prosecution's evidence on quantities of illegal drugs. (Govt's Opp'n 20, ECF No. 175.) The Court is familiar with that tactic and has not been persuaded that Chikvashvili could not have employed it. Having said that, however, the Court observes that it likely would not have been successful because the evidence of Chikvashvili's guilt in this case was so overwhelming.

The Court concludes the pending motions by Chikvashvili (ECF Nos. 172 and 173) are without merit. They are DENIED.

DATED this 19th day of April, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge